17-140-cv
*Zirogiannis v. Seterus, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NICHOLAS ZIROGIANNIS, individually and
on behalf of a class,
                     *Plaintiff-Appellant,*

               v.                                              17-140-cv

SETERUS, INC.,
                     *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:         DANIEL A. EDELMAN (Tiffany N. Hardy, *on the brief*), Edelman, Combs, Latturner & Goodwin, LLC, Chicago, Illinois.

FOR DEFENDANT-APPELLEE:          LISA J. FRIED (Allison J. Schoenthal, Chava
                                 Brandriss, Courtney Colligan, *on the brief*),
                                 Hogan Lovells US LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-appellant Nicholas Zirogiannis appeals the district court's (1) judgment entered November 30, 2016 pursuant to an opinion and order entered November 28, 2016 dismissing his amended complaint for failure to state a claim and (2) order entered January 13, 2017 denying his motion to reconsider that dismissal under Federal Rule of Civil Procedure 59 and his request for leave to further amend his amended complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Zirogiannis's initial complaint in this case alleged that defendant-appellee Seterus, Inc. ("Seterus"), the servicer of a mortgage loan secured by his residence, violated the Fair Debt Collection Practices Act (the "FDCPA") by furnishing him and a class of similarly-situated consumers with written validation notices that failed to adequately specify "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1). Zirogiannis subsequently amended his complaint to add allegations concerning, *inter alia*, the collection status of his loan when Seterus began servicing it, facts that bear on

2

whether Seterus is a "debt collector" under the FDCPA.   15 U.S.C. § 1692a(6)(F).

Seterus then moved to the dismiss the amended complaint pursuant to Federal Rule of

Civil Procedure 12(b)(1) and (6), arguing, *inter alia*, that Zirogiannis lacked standing

under Article III of the Constitution and that the amended complaint did not plausibly

allege that Seterus was a "debt collector" subject to the FDCPA's proscriptions.

The district court concluded that Zirogiannis had Article III standing, but that the

amended complaint did not plausibly allege that Seterus was a debt collector vis-à-vis

Zirogiannis's loan.   As to this latter holding, the district court reasoned that the

amended complaint's allegations that "Seterus regularly services loans that are

*delinquent* . . . when Seterus first becomes involved with them" and that Zirogiannis's

"loan was one such loan" did not support an inference that the loan was in *default* at the

time Seterus obtained it, a necessary predicate for qualifying the servicer as a "debt

collector" under the FDCPA.   App. 33-34 (quoting Am. Comp. ¶¶ 9-10); *see also* 15

U.S.C. § 1692a(6)(F) (articulating when a servicer qualifies as a "debt collector").

Accordingly, it granted Seterus's motion to dismiss for failure to state a claim and

entered judgment in favor of Seterus.

Shortly thereafter, Zirogiannis filed a motion asking the district court to

reconsider under Federal Rule of Civil Procedure 59 its decision to dismiss the amended

complaint or, in the alternative, to allow Zirogiannis to further amend it.   The district

court denied that motion and this timely appeal followed.

On appeal, Zirogiannis argues that his amended complaint sufficiently alleged that Seterus is a "debt collector" and that, even if the amended complaint is deficient in this regard, the district court abused its discretion in denying him leave to further amend his amended complaint. Seterus responds that the amended complaint was properly dismissed for failure to plead that Seterus is a "debt collector," the validation notice attached to the amended complaint adequately specifies "the amount of the debt," and Zirogiannis lacks Article III standing.

We review *de novo* questions of subject matter jurisdiction and the dismissal of a complaint pursuant to Rule 12(b)(6), and we review for abuse of discretion a district court's denial of a reconsideration motion and a request for leave to amend a complaint. *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007) (subject matter jurisdiction); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015) (Rule 12(b)(6) and denial of leave to amend); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (reconsideration motion). We are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

Because it questions our subject matter jurisdiction, we first address Seterus's contention that Zirogiannis lacks Article III standing in that the FDCPA injury he alleges is not "concrete" as required by the Supreme Court's decision in *Spokeo, Inc. v. Robins*,

4

136 S. Ct. 1540, 1548 (2016).    To establish standing under Article III of the Constitution, a plaintiff must show that he suffered an "injury in fact," a "causal connection" between the injury and the challenged conduct, and a likelihood that the injury will be "redressed by a favorable decision."    *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).    An injury in fact must be both "particularized" -- *i.e.*, "it must affect the plaintiff in a personal and individual way" -- and "concrete" -- *i.e.*, "it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks omitted).    We noted in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), that *Spokeo* does not "categorically . . . preclude[] violations of statutorily mandated procedures from qualifying as concrete injuries" -- "some violations of statutorily mandated procedures may entail the concrete injury necessary for standing."    *Id.* at 189.    For example, "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest."    *Id.* at 190 (quoting *Spokeo*, 136 S. Ct. at 1549).    Accordingly, where a plaintiff alleges only a procedural violation, the "central inquiry . . . is whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest Congress sought to protect."    *Crupar-Weinmann v. Paris Baguette Am. Inc.*, 861 F.3d 76, 80-81 (2d Cir. 2017).    Applying these standards, we conclude that Zirogiannis has plausibly alleged Article III standing.

5

First, we have no trouble concluding that § 1692g of the FDCPA "protect[s] an individual's concrete interests." *Strubel*, 842 F.3d at 189. One of the reasons that Congress passed the FDCPA was to protect consumers from "abusive debt collection practices by debt collectors." *Albrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) (quoting 15 U.S.C. § 1692(e)). In furtherance of this purpose, § 1692g requires a debt collector who solicits payment from a consumer to provide him with "a detailed validation notice" so that he may confirm that he indeed owes the debt sought by the collector and its amount before paying it. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Thus, Congress plainly sought to protect consumers' concrete economic interests by requiring debt collectors to comply with the notice provisions articulated in § 1692g.

Second, we also conclude that the specific procedural violation alleged in the amended complaint presents "a material risk of harm to the underlying concrete interest Congress sought to protect" with the FDCPA. *Crupar-Weinmann*, 861 F.3d at 81. Zirogiannis alleges that Seterus violated the FDCPA by failing adequately to specify in the validation notice "the amount of the debt," 15 U.S.C. § 1692g(a)(1), in that the notice did not enumerate "additional third party costs that had not yet been paid by [the] prior servicer" even though Seterus "could readily furnish [such] a complete statement of the debt," App. 9-10 (complaint paragraphs 22-24). Taken as true, such a violation plausibly presents a material risk of economic harm to a consumer such as Zirogiannis.

6

Indeed, the third party costs that the validation notice *does* specify are substantial, including $2,622.64 in foreclosure costs, $661.50 for property inspections, and $90 for valuations.   The alleged failure to furnish a validation notice that enumerates all third party costs known to the debt collector thus "entail[s] the concrete injury necessary for standing," *Strubel*, 824 F.3d at 189, for without such information Zirogiannis arguably would be placed at a materially greater risk of falling victim to "abusive debt collection practices," *Albrandi*, 333 F.3d at 85 (internal quotation marks omitted), if indeed such a violation were proven.

Nevertheless, we conclude as a matter of law that the validation notice, which was attached to the amended complaint as Exhibit A, adequately stated "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1).   *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (courts "may consider . . . documents attached to the complaint as exhibits" in evaluating a Rule 12(b)(6) motion).   "When determining whether a debt collector has violated § 1692g's notice requirements, we consider how the 'least sophisticated consumer' would interpret the notice."   *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) (quoting *Russell*, 74 F.3d at 34).   "We ask whether 'the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message.'" *Id.* (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).   Although "[t]he hypothetical least sophisticated consumer does not have 'the astuteness of a

7

Philadelphia lawyer or even the sophistication of the average, everyday, common consumer,'" he "is neither irrational nor a dolt." *Ellis v. Soloman & Soloman, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Russell*, 74 F.3d at 34). Indeed, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Id.* (quoting *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005)). In light of these observations, "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

Here, the amended complaint alleges that the validation notice "provides a number for the debt, but further states that the debt 'might include additional third-party costs that have not yet been paid by your prior servicer.'" App. 9 (quoting the validation notice). It further alleges that "[s]uch additional costs are . . . amounts already incurred and claimed to be owed by the consumer[,] [but] they are not specified in the letter" and therefore the notice "does not state the amount of the debt as required by 15 U.S.C. § 1692g." *Id.*

These allegations are flatly contradicted by the document itself, which plainly states that "the amount of your debt as of the date of this notice" is stated below, but that the notice "is not a payoff statement" and that a "*payoff amount* might include additional

8

third-party costs that have not yet been paid by your prior servicer and future costs that may be necessary." App. 16 (emphasis added). Even an unsophisticated consumer would understand that "the amount of your debt as of the date of this notice" and a "payoff amount," -- *i.e.*, the amount one would have to pay as of a particular date in the future to fully satisfy the debt -- are different and that the latter could be greater than the former if the debt servicer were to incur and pay additional costs in servicing the debt. Zirogiannis's attempt to read out of the validation notice the clear distinction between "the amount of your debt as of the date of this notice" and "the payoff amount," App. 16, constitutes an "unreasonable misinterpretation" of the notice, *Clomon*, 988 F.2d at 1319. Because Zirogiannis does not allege any other deficiency in the document, and indeed the notice lays out in great detail the amount of the debt, including unpaid principal, accrued interest, escrow overdraft, and certain fees and charges, we conclude that the validation notice adequately stated the amount of the debt in accordance with 15 U.S.C. § 1692g(a)(1), and therefore the amended complaint was properly dismissed. *Cf. Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 679 (7th Cir. 2007) (holding that a validation notice adequately stated the amount of the debt where it explained "the difference between the 'total due' and the 'exact payout balance'" that plaintiff could receive if he requested it from the debt collector).

Because we conclude that the validation notice adequately stated the amount of Zirogiannis's debt, we do not reach the issues whether the amended complaint failed to

9

plausibly allege that Seterus is a "debt collector" subject to the FDCPA or whether the district court abused its discretion in denying Zirogiannis leave to further amend his complaint to cure any such defect.   Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
