He v. Office of the New York City Comptroller

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-one.

PRESENT:
　　　　　AMALYA L. KEARSE,
　　　　　PIERRE N. LEVAL,
　　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges.*

_____

Xuejie He,

　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　No. 19-4326

Office of the New York City Comptroller,

　　　　　　*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:　　　　　Xuejie He, pro se, New York, NY.

FOR DEFENDANT-APPELLEE:　　　　　Claibourne Henry, Assistant Corporation Counsel (Deborah A. Brenner, of counsel), *for* James E. Johnson, Corporation

Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Xuejie He, proceeding pro se, appeals from the district court's judgment dismissing her action against the Office of the New York City Comptroller, in which she alleged discrimination in violation of her civil rights. He also moves for an award of attorney's fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision to affirm the district court's judgment.

The district court dismissed He's action under Federal Rule of Civil Procedure 41(b) for failure to prosecute after issuing orders directing He to inform the court whether she intended to continue prosecuting her case. In response to these orders, He filed letters stating that the court lacked jurisdiction over her action. On appeal, He does not contend that the district court abused its discretion in dismissing her complaint for failure to prosecute, but instead insists, once again, that the district court lacked subject-matter jurisdiction over her case.

Although He's arguments that the district court lacked subject-matter jurisdiction are without merit, we would affirm the judgment of the district court dismissing this case even if He were correct that the court lacked jurisdiction. When a court lacks subject-matter jurisdiction over an action, it must dismiss the case, and must do so without prejudice to the plaintiff. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (dismissal for lack of subject-matter

2

jurisdiction must be without prejudice); *see also St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (noting "dismissal for lack of subject matter jurisdiction is not an adjudication of the merits"). The district court dismissed He's complaint without prejudice. Because He points to no reason to vacate this judgment dismissing the case, we **AFFIRM** the judgment of the district court, and **DENY** He's motion for attorney's fees, as she identifies no basis for an award of fees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3