*Cudjoe v. Bldg. Indus. Elec. Contractors Ass'n*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

MARTIN CUDJOE, individually and on behalf of all persons similarly situated,

*Plaintiff-Appellant*,

v.                                                                 24-921

BUILDING INDUSTRY ELECTRICAL CONTRACTORS ASSOCIATION, UNITED ELECTRICAL CONTRACTORS ASSOCIATION, BUILDING TRADES ANNUITY BENEFIT FUND, FRANK RAPPO, a fiduciary, ERIC OLYNIK, a fiduciary,

*Defendants-Appellees.\**

---

FOR PLAINTIFF-APPELLANT:                    James E. Goodley, Ryan McCarthy, Goodley McCarthy LLC, Philadelphia, PA.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES: Jeffrey S. Swyers, Richard S. Siegel, Slevin & Hart, P.C., Washington, DC.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Appellant Martin Cudjoe filed a putative class action against Defendants, alleging that the trustees of benefit funds in which he participated breached their fiduciary duties "by approving and paying themselves over $1 Million in compensation from Benefit Fund assets." App'x at 46. That arrangement, Cudjoe claimed, resulted in "significant damages to Union members' benefits" and violated the Employment Retirement Income Security Act of 1974 ("ERISA"), among other statutes. *Id*. at 39. The district court dismissed all claims without leave to amend, holding that Cudjoe failed to establish Article III standing. Cudjoe now appeals only as to his "monetary claims under ERISA . . . involving his interest in the Annuity Fund." Appellant's Br. at 5 n.2. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* the district court's decision to dismiss a complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017) (quotation marks omitted). "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused

2

by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). "Article III standing requires a concrete injury even in the context of a statutory violation," and so a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

Here, Cudjoe's complaint plausibly alleges a concrete injury. The complaint establishes that Cudjoe is a participant in the Annuity Fund, a "multiemployer defined contribution profit sharing plan." App'x at 31. It explains that the trustees "amended the Trust Agreements of the Benefit Funds in order to allow for themselves to be paid (out of plan assets) for performance of their duties," even though the trustees "did not perform compensable services . . . with a fair market value anywhere near the level of compensation they received." *Id*. at 34-35. It claims that "[h]ad the $1 Million in prohibited Trustee compensation . . . instead been properly invested, the Benefit Funds would have earned millions more," given that "the value of the S&P 500 index has nearly tripled in value since March 2013." *Id*. at 38. And the complaint contends that "[h]ad the Benefit Funds not lost money due to the . . . breaches, assuming the same level of employer compensation (and subject to prevailing wage requirements on public works), Union members and Class Members would have received either greater cash wages and/or richer benefits." *Id*. at 38-39.

At the motion to dismiss stage, we cannot say that Cudjoe's allegation of financial harm is too implausible to give rise to an injury in fact. Because Cudjoe alleges "a sufficiently concrete

interest in the outcome of the issue in dispute," the district court erred in dismissing his complaint. *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) (quotation marks omitted).

\* \* \*

We have considered Defendants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED AND REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4