16-2902-cv
*Charles v. Levitt*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand seventeen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> ALVIN K. HELLERSTEIN,*
> > *District Judge.*

_____

WAYNE CHARLES, SR.,

    *Plaintiff-Appellant*,

       v.                                    No. 16-2902-cv

RICHARD LEVITT, Esq., NICHOLAS KAIZER, LEVITT & KAIZER, GLENDA CHARLES, BRENDAN WHITE, MICHELLE KERN-RAPPY, THE BANK OF NEW YORK MELLON CORPORATION, THE STATE OF NEW YORK, PAUL A. SHNEYER, individually, solely in his capacity as court-appointed receiver of the premises located at 80 West 120th Street, New York, NY 10027, LEE A. POLLOCK,

---

* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees.*\*\*

_____

FOR APPELLANT: J.A. SANCHEZ-DORTA, The Law Office of J.A. Sanchez-Dorta, P.C., New York, NY.\*\*\*

FOR APPELLEES RICHARD LEVITT, ESQ., NICHOLAS KAIZER, LEVITT & KAIZER, LEE A. POLLOCK: PETER S. DAWSON, Pollock & Maguire LLP, White Plains, NY.

FOR APPELLEE GLENDA CHARLES: PAUL T. SHOEMAKER, Greenfield, Stein & Senior, LLP, New York, NY.

FOR APPELLEES MICHELLE KERN-RAPPY, THE STATE OF NEW YORK: MARK H. SHAWHAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

FOR APPELLEE THE BANK OF NEW YORK MELLON CORPORATION: ANDREA M. ROBERTS (Jonathan M. Robbin, *on the brief*), Blank Rome LLP, New York, NY.

FOR APPELLEE BRENDAN WHITE: Brendan White, *pro se*, White & White, New York, NY.

FOR APPELLEE PAUL A. SHNEYER, individually, solely in his capacity as court-appointed receiver of the premises located at 80 West 120th Street, New York, NY 10027: Aimee P. Levine, Law Office of Aimee P. Levine, New York, NY.

---

\*\* The Clerk of Court is directed to amend the official caption to conform to the above.

\*\*\* Counsel's name appears differently on the docket than it does on the briefs he filed. The Court refers to Mr. Charles's counsel by the name that appears on the briefs.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 22, 2016, is **AFFIRMED**, but the case is **REMANDED** with the instruction that the District Court shall amend its judgment and enter dismissal without prejudice.

Wayne Charles, Sr.,[1] appeals from a judgment in favor of defendants (among whom are lawyers, Wayne's ex-wife Glenda Charles, a New York State employee, and a bank) in his suit alleging, *inter alia*, civil RICO violations, due process violations, and fraud, and seeking both money damages and equitable relief. The District Court ruled that Wayne's claims are barred by the *Rooker-Feldman* doctrine, and, in the alternative, that his amended complaint fails to state a claim, and on those bases dismissed the amended complaint. The court also granted motions for sanctions and ordered Wayne's counsel to pay $1,000 to the United States District Court for the Southern District of New York, because it concluded that the amended complaint was "shot-through with plainly irrelevant, absurd, and/or scurrilous statements." *Charles v. Levitt*, 15 Civ. 9334 (PAE), 15 Civ. 9758 (PAE), 2016 WL 3982514, at *7 (S.D.N.Y. July 21, 2016). On appeal, Wayne argues that the District Court erred in holding that his claims were barred by the *Rooker-Feldman* doctrine, in concluding that his amended complaint failed to state a claim, and in sanctioning his attorney.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] One of the defendants in this case is Glenda Charles, the former wife of Wayne Charles, Sr. For simplicity, this order refers to Wayne Charles, Sr., and Glenda Charles by their first names only.

[2] In his brief on appeal, Wayne identifies the "issues presented for review" without mentioning the District Court's *Rooker-Feldman* holding. *See* Appellant's Br. 5–6. He nevertheless takes issue elsewhere in his brief with the District Court's ruling on this point.

3

# I.   *Rooker-Feldman* Doctrine

Wayne first argues that the District Court erred in concluding that his claims are barred by the *Rooker-Feldman* doctrine. In support, he asserts that this action does not seek to vacate a state court judgment, and accordingly, that the District Court should have "let the part of [the] Amended Complaint requesting money damages proceed." Appellant's Br. 20. On *de novo* review, *see Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), we affirm the District Court's conclusion that Wayne's claims are barred by the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam). Federal courts are "bar[red] . . . from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). We have summarized the requirements for application of the *Rooker-Feldman* doctrine as follows:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation. The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

*Hoblock*, 422 F.3d at 85 (alterations omitted) (footnote omitted) (internal quotation marks omitted).

The first and fourth requirements for application of the *Rooker-Feldman* doctrine—the "procedural" requirements—are indisputably satisfied here: the state court judgment against

4

Wayne and the order appointing a receiver to manage Wayne's property in Manhattan (the "Property") were both entered before Wayne filed this suit.

The second and third requirements—the "substantive" requirements—present a less simple question. While noting that, in *Exxon Mobil*, 544 U.S. 280 (2005), "the Supreme Court pared back the *Rooker-Feldman* doctrine to its core," *Hoblock*, 422 F.3d at 85, we have instructed still that "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it," *id.* at 88. Our cases regarding the doctrine distinguish between claims that require a federal court to *review* a state court judgment and those that "seek damages from [d]efendants for injuries [ ] suffered from [an] alleged fraud [involving a state court judgment], the adjudication of which does not require the federal court to sit in review of the state court judgment." *Vossbrinck*, 773 F.3d at 427; *see also Sykes*, 780 F.3d at 94–95 ("[C]laims sounding under the FDCPA, RICO, and state law speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments."). With this legal framework in place, we must scrutinize the injury of which a plaintiff complains as a necessary step toward determining whether the suit impermissibly seeks review and rejection of a state court judgment, *see Hoblock*, 422 F.3d at 87–88, or permissibly seeks some other remedy.

As the District Court aptly observed, "The Amended Complaint [filed by Wayne] is a sufficiently baffling document that it is difficult to say for certain just what injuries are alleged." *Charles*, 2016 WL 3982514, at *5. We nonetheless are able comfortably to conclude that Wayne complains of injuries caused by the state court judgment, such that granting the relief he seeks would require a federal court, impermissibly, to review and reject the state-court rulings. Wayne complains of injuries derived from the court-ordered receivership over, and threatened sale of, the Property. Although he spruces up his amended complaint with general allegations of fraud (by the law firm Levitt & Kaizer and related defendants), perjury (by Glenda Charles), and bribery (by Michelle Kern-Rappy), the damages Wayne seeks are aimed at compensating him for the potential loss of the Property. The amended complaint is

5

not fairly read to demand any other damages; instead, it manifests a singular focus on allegedly wrongful actions related to the state court's imposition and execution of the Property's receivership.

This interpretation of the suit's focus is further buttressed by our observation that the damages demanded in the amended complaint are tied to the alleged value of the Property; to the extent the amended complaint demands greater damages, Wayne provides no hint at what other injury that additional money would remedy. *Compare* App'x 73–74 ¶ 2 (alleging Property is "worth approximately $3 Million), *id.* at 93 ¶ 71 ("[T]he Premises are valued in excess of $3.2 Million . . . ."), *and id.* at 117 ¶ 139 (claiming Property is "worth approximately $3 Million"), *with id.* at 125–26 ¶¶ 170, 173 (demanding "in excess of $4 Million, which amount includes both the value of the Premises, and other [unspecified] damages"), *and id.* at 130 (same). Although Wayne has alleged civil RICO and fraud claims, those claims do not escape the ambit of the *Rooker-Feldman* doctrine where, as here, "the injury of which [he] complains . . . , and which he seeks to have remedied, is the state [ ] judgment." *See Vossbrinck*, 773 F.3d at 427 (internal quotation marks omitted). Redressing Wayne's claimed injuries would require the federal court to review and reject the state court judgment. His claims are thus barred by the *Rooker-Feldman* doctrine.

One issue remains. As noted above, the *Rooker-Feldman* doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case. *Vossbrinck*, 773 F.3d at 427. And "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). The District Court's dismissal of Wayne's claims with prejudice was therefore impermissible, and we are "constrained to have the . . . judgment amended to provide that the dismissal is without prejudice," *Katz v. Donna Karan Co., L.L.C.*, 872 F. 3d 114, 121 (2d Cir. 2017) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016)).

6

Accordingly, we affirm the substance of the District Court's ruling that Wayne's claims are barred by the *Rooker-Feldman* doctrine, but remand the case for entry of an amended judgment dismissing Wayne's claims without prejudice.[3]

**II.    Sanctions Imposed by the District Court**

Wayne also challenges the District Court's imposition of a sanction of $1,000 on his counsel, J.A. Sanchez-Dorta. Reviewing for abuse of discretion—albeit a "more exacting" review than "the ordinary abuse-of-discretion standard," *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113–14 (2d Cir. 2009) (internal quotation marks omitted)—we affirm.[4]

Wayne's argument that sanctions were not warranted is confusing at best. For example, he: (1) suggests that sanctions were inappropriate because Sanchez-Dorta "considered [the allegations] serious enough to, at the very least, survive a motion to dismiss the action . . . and justify the risk he was assuming for simply having the audacity to bring such a lawsuit against a number of 'respected members of the bar,'" Appellant's Br. 5; (2) claims that the District Court treated Sanchez-Dorta as "a traitor, a sort of Serpico," *id.* at 6; (3) quotes (over four pages of his brief) from a purported affidavit in an unrelated case, *see id.* at 8–12; and (4) defends the amended complaint's lengthy narrative references to Cicero as supporting his claims' plausibility, *id.* at 14.

The District Court cogently set out its reasons for imposing sanctions, with citations to specific portions of the amended complaint. The irrelevant statements in the amended complaint to which the District Court alludes amply support the imposition of sanctions. The District Court acted well within its discretion in sanctioning counsel.

---

[3] Because we agree that the *Rooker-Feldman* doctrine bars Wayne's claims, we express no view about the merits of the District Court's alternative basis for decision—that the amended complaint fails to state a claim—or of the defendants' alternative arguments for affirmance.

[4] Though the District Court "lacked jurisdiction to decide the merits of the underlying action, it retained the power to determine collateral issues, such as the appropriateness of sanctions." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002).

7

We therefore affirm without modification the District Court's judgment insofar as it imposed sanctions on Sanchez-Dorta.

* * *

We have considered Wayne's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court, but **REMAND** the case with the instruction that the court shall amend its judgment dismissing the amended complaint and enter dismissal without prejudice.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court