17-1132-cv
*Aikens v. Portfolio Recovery Assocs., LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand seventeen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> ERIC N. VITALIANO,*
> > *District Judge.*

———————————————————————

SHARON AIKENS,

> *Plaintiff-Appellant*,

> > v.                                        No. 17-1132-cv

PORTFOLIO RECOVERY ASSOCIATES, LLC,

> *Defendant-Appellee.*

———————————————————————

FOR APPELLANT:                          DAVID N. MCDEVITT, Thompson
                                        Consumer Law Group, PLLC, Mesa, AZ.

---

* Judge Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                          DAVID L. HARTSELL (Sarah A. Zielinski,
                                       *on the brief*), McGuireWoods LLP, Chicago,
                                       IL.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 22, 2017 is **AFFIRMED** insofar as the District Court dismissed the case for lack of subject matter jurisdiction. We **REMAND**, however, with an instruction that the District Court enter an amended judgment of dismissal without prejudice.

Plaintiff-appellant Sharon Aikens appeals from the dismissal of her putative class action against defendant-appellee Portfolio Recovery Associates, LLC ("PRA") for alleged violations of the Electronic Fund Transfer Act ("EFTA"). The EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a). The District Court dismissed the action for lack of standing. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Aikens's complaint alleges that on March 11, 2015, a PRA associate telephoned her to discuss an outstanding credit card debt.[1] During the call, Aikens agreed to a repayment plan under which PRA would make monthly withdrawals from her bank account. PRA debited Aikens's account for the first time in April 2015 without obtaining her written authorization, and continued making monthly withdrawals thereafter. In March 2016, Aikens filed suit against PRA under the EFTA. She sought to represent the class of individuals who had entered into automated payment plans with PRA over the telephone and without a contemporaneous writing. *See* 15 U.S.C. § 1693m(a) (providing for individual and class

---

[1] Although Aikens did not allege the amount of the debt, PRA later submitted evidence showing that Aikens owed $395.

actions against "any person who fails to comply with any provision of [the EFTA] with respect to any consumer").

PRA moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of standing. It attached to the motion an audio recording of the March 2015 telephone conversation. The recording reflected that Aikens verbally consented to recurring monthly payments of $32.91, and that she provided her bank account information to the PRA associate in order to facilitate those transfers. PRA also attached to its motion a copy of a confirmation letter addressed to Aikens and dated March 17, 2015—six days after the phone conversation—which summarized Aikens's payment plan terms and the disclosures made during the call.

The District Court concluded that, under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Aikens failed to show a concrete injury and therefore lacked constitutional standing to pursue the asserted claim. The court dismissed the action with prejudice.

On appeal, Aikens contends that the District Court erred in its standing determination, and also that its dismissal for want of standing should have been entered without prejudice. We review the District Court's determination *de novo*.[2] *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). In determining factual issues, we may properly consider the extrinsic evidence attached to PRA's Rule 12(b)(1) motion. *Id.* at 57. As to any issue beyond the scope of PRA's evidence, we accept Aikens's allegations as true and draw all reasonable inferences in her favor. *Id.*

---

[2] When a district court concludes that a plaintiff has failed to establish standing on the face of the pleadings, we review the dismissal *de novo. Carter*, 822 F.3d at 56–57. Because PRA's Rule 12(b)(1) motion relied on evidentiary exhibits, we construe the motion, in part, as a fact-based challenge to the District Court's subject matter jurisdiction. *See id.* at 57. Had the District Court made factual findings based on "material and controverted" evidence, we would "accept [those] findings unless they [were] clearly erroneous." *Id.* In this case, however, it does not appear that the District Court had cause to "resolve[ ] disputed facts." *Id.* PRA's evidence did not contradict any pertinent allegations, nor did Aikens challenge the authenticity or the factual interpretation of PRA's evidence. Aikens is thus entitled to *de novo* review of the District Court's determination based on the undisputed facts that were before the District Court.

Aikens invoked federal jurisdiction by filing her lawsuit in a federal court. She therefore bears the burden of establishing that she has standing to sue. *Spokeo*, 136 S. Ct. at 1547. A plaintiff satisfies Article III's requirements for standing by showing, *inter alia*, that she has suffered "an injury in fact to a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 79 (2d Cir. 2017) (internal quotation marks omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Even plaintiffs who seek to "represent a class must allege and show that they *personally* have been injured." *Spokeo*, 136 S. Ct. at 1547 n.6 (emphasis added) (internal quotation marks omitted).

Congress may create new causes of action by statute, but "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. "For that reason," the Supreme Court has explained, a plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* This Court has elicited the following principles from *Spokeo* and the cases on which that decision relied:

> [A]n alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a "risk of real harm" to [those same] concrete interest[s]. But even where Congress has accorded procedural rights to protect [] concrete interest[s], a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to [those] underlying interest[s].

*Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) (quoting *Spokeo*, 136 S. Ct. at 1549). In addition, we have recently reiterated that "where a case is dismissed for lack of Article III standing, . . . that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (emphasis in original).

Aikens contends on appeal that she suffered actual financial harm sufficient to support Article III standing because "PRA took her money without the [written]

4

authorization required by [the EFTA]." Appellant's Reply Br. 8 (emphasis omitted). We find that reasoning unpersuasive. As the District Court explained, Aikens "authorized PRA to withdraw money from her account to repay the debt she owed. PRA did not take more money than was agreed to . . . [or] withdraw the money from any other account than that which [Aikens] authorized." App'x 189. We note, in addition, that although the EFTA limits consumer liability for "unauthorized electronic fund transfers," 15 U.S.C. § 1693g, it treats a transfer as "unauthorized" only if the "the consumer receives no benefit," *id.* § 1693a(12). Here, PRA's withdrawals provided Aikens the decided benefit of reducing her debt. Moreover, a transfer is not "unauthorized" under the EFTA when, as here, the consumer herself furnished the "means of access" to her bank account and never asked her bank to stop the transfers. *Id.* § 1693a(12)(A).[3] We therefore conclude that Aikens has failed to show that she suffered any financial harm.

Aikens could nonetheless establish standing by showing that PRA's alleged procedural violation created a "*risk* of real harm." *Spokeo*, 136 S. Ct. at 1549 (emphasis added). In *Strubel*, we explained accordingly that a defendant's failure to make statutorily mandated disclosures may confer standing based on a risk that "the challenged disclosure would have [ ] an effect on consumers generally," even if the plaintiff herself was not directly harmed. 842 F.3d at 193. The District Court's order did not expressly address risk-based standing under *Spokeo*, but we conclude on *de novo* review that Aikens failed to make such a showing.

In opposing PRA's motion to dismiss, Aikens asserted that Congress passed the EFTA based on a concern that electronic transactions "are much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods." App'x 120. Although she posited that "Section 1693e(a) is the shield that insulates consumers from these inherent risks," *id.*, she failed to allege in her complaint that she herself was exposed to

---

[3] The EFTA's definition of "unauthorized electronic fund transfer" excludes any transfer "initiated by" a third party to whom a consumer "furnished [ ] the card, code, or other means of access to [the] consumer's account . . . , unless the consumer has notified the financial institution involved that transfers by such other person are no longer authorized." 15 U.S.C. § 1693a(12)(A).

any such risks. When PRA submitted evidence to challenge her standing, she did not argue that the evidence tended to show that she bore any increased risks,[4] nor did she exercise the right to submit evidence of her own supporting any such assertion. *See Carter*, 822 F.3d at 57.

Even without any *direct* evidence of risk, Aikens could establish standing if her complaint supported a reasonable *inference* that she was exposed to some risk. *See id.* at 56–57. Our recent decision in *Katz v. Donna Karan Company*—which was issued after the close of briefing in this appeal—offers an example of how a plaintiff might attempt to support such an inference. There, Katz argued that the defendant merchants "raise[d] a material risk of identity theft" by printing receipts with more credit card digits than statutorily allowed because, "[a]s a factual matter, . . . the more digits [a receipt] revealed, the more vulnerable a card number may be to a brute force cryptological attack." *Katz*, 872 F.3d at 119–20 (internal quotation marks omitted). In light of the defendants' extrinsic evidence, however, we found no clear error in the district court's finding that Katz bore no increased risk of harm. *Id.* at 120–21.

Here, Aikens's filings in the District Court articulated no theory at all to justify her hypothesis that PRA created an increased risk of fraud by obtaining her consent over the phone and mailing her a confirmation letter rather than obtaining her contemporaneous written authorization. We conclude, therefore, that she has not met her burden of showing that PRA's conduct amounted to anything more than a "bare procedural violation," *Spokeo*, 136 S. Ct. at 1549, and so she has failed to establish that she has constitutional standing to assert her EFTA claim.

\* \* \*

We have considered the remainder of Aikens's arguments and find them to be without merit. Accordingly, we **AFFIRM** the District Court's conclusion that the case must

---

[4] In her brief on appeal, Aikens belatedly suggests that she may not have understood what she was agreeing to during the March 2015 phone call, and also that the PRA associate may have misleadingly coerced her into repaying a debt that was no longer enforceable. She did not present these arguments to the District Court, however, and so she has forfeited them on appeal. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).

be dismissed for lack of subject matter jurisdiction. We **REMAND** the case, however, with the instruction that the District Court enter an amended judgment dismissing the action without prejudice. *See Katz,* 872 F.3d at 121.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court