17-31-cv
Adams v. Vt. Office of Child Support, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
                       RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
                       EDWARD R. KORMAN,
                                *District Judge*.*

------------------------------------------------------------------

BAHJI ADAMS,

                       *Plaintiff-Appellant*,

                            v.                                              No. 17-31-cv

VERMONT OFFICE OF CHILD SUPPORT,
COMMISSIONER OF THE VERMONT DEPARTMENT
FOR CHILDREN AND FAMILIES, ADA COORDINATOR
OF MONTPELIER AND BURLINGTON, STATE OF
VERMONT, CHITTENDEN COUNTY CLERK'S OFFICE,
KELLY SEAGERT, on behalf of the OCS of Vermont,
GEORGIA DIVISION OF CHILD SUPPORT SERVICES,

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

COMMISSIONER OF GEORGIA DEPARTMENT OF HUMAN SERVICES, KEITH HORTON, the Commissioner on behalf of the DCFS for the State of Georgia, STATE OF GEORGIA, ADA COORDINATOR FOR COBB COUNTY AND THE STATE OF GEORGIA,

*Defendants-Appellees,*

JANE DOE, JOHN DOE,

*Defendants.*

---------------------------------------------------------------

FOR APPELLANT:                       Bahji Adams, *pro se*, Burlington, VT.


FOR APPELLEES:                       No Appearance.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Bahji Adams, pro se, appeals from a judgment of the District Court (Sessions, J.) sua sponte dismissing her claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The primary harm Adams raises in her complaint is her obligation to pay child support, which she alleges she is unable to pay because of her disabilities.

The complaint, like those she has filed in several other federal proceedings, challenges a child support order entered by a Georgia State court and the enforcement of that order by a Vermont State court. Adams asserts that the Georgia State court lacked jurisdiction to issue and to enforce the order once she moved to Vermont, and that the Vermont defendants failed to consider her disabilities when enforcing the Georgia order. Adams seeks an injunction relieving her of the obligation to pay child support, preventing the garnishment of her future wages, and requiring the return of the monies already collected from her, as well as an award of damages for injuries caused by the child support obligation.

We affirm the dismissal of Adams's complaint, albeit on a ground different than the infirm one relied upon by the District Court. Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Adams lost in Georgia and Vermont State courts, seeks redress for injuries caused by the

3

judgments of those courts, functionally seeks review and rejection of those judgments, and filed this lawsuit after entry of those judgments. The relief Adams seeks, moreover, would undermine the validity of the State court judgments. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment[.]"). Accordingly, the District Court lacked subject matter jurisdiction under the Rooker-Feldman doctrine.

Adams also argues she should have been granted leave to amend her complaint. A district court generally should not dismiss a pro se complaint without permitting at least one opportunity to amend, unless amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, amendment would be futile. Adams has filed several unsuccessful federal lawsuits seeking substantially the same relief as she seeks in this case. Nothing in Adams's brief indicates that amendment could cure the deficiencies in the complaint.

We have considered Adams's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED.[1]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we conclude that the District Court lacked subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine, its dismissal of this case without prejudice was appropriate. <u>See</u> <u>Katz v. Donna Karan Co., L.L.C.</u>, 872 F.3d 114, 121 (2d Cir. 2017).