UNITED STATES DISTRICT COURT 
SOUTHERN DISTRICT OF NEW YORK 
-------------------------------------------------------x 

WGH COMMUNICATIONS, INC., 

 Plaintiff, 

-v- No. 19-CV-2230-LTS 

PENACHIO MALARA LLP, et al., 

 Defendants. 

-------------------------------------------------------x 

 ORDER 

 Plaintiff WGH Communications, Inc. (“WGH”) brings this action against 
defendants Penachio Malara LLP, Anne Penachio, Bronson Law Offices, PC, and Bruce Bronson 
(“Defendants”), asserting a single claim of legal malpractice arising out of Defendants’ alleged 
failure to timely appeal a confirmation order issued on May 10, 2018, in the bankruptcy 
proceeding CM Wind Down Topco Inc., No. 17-13381-SCC (Bankr. S.D.N.Y.) (the “Cumulus 
Bankruptcy”). According to WGH, the amended reorganization plan confirmed in that order (the 
“Amended Plan”) violated the absolute priority rule, which “provides that a reorganization plan 
may not give ‘property’ to the holders of any junior claims or interests ‘on account of’ those 
claims or interests, unless all classes of senior claims either receive the full value of their claims 
or give their consent.” In re DBSD N. Am., Inc., 634 F.3d 79, 88 (2d Cir. 2011). 
 On February 27, 2020, this Court issued an Order (Docket Entry No. 37), granting 
WGH’s unopposed motion for leave to amend its Complaint, “subject to modification of the 
content of that complaint to address the jurisdictional issue” set forth below: 
 Plaintiff’s existing Complaint asserts that the Court has jurisdiction based 
 on diversity of citizenship (28 U.S.C. § 1332), but omits allegations 
 concerning the citizenship of the members of Defendant Penachio Malara 
 LLP. Because the citizenship of an artificial business entity other than a 
 corporation is determined by reference to the citizenship of its members, 
 see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb 
 & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. 
 Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999), 
 Plaintiff’s First Amended Complaint should include allegations sufficient 
 to demonstrate a basis for subject matter jurisdiction in this Court. 

(Id. at 1.) 
 On February 28, 2020, WGH filed its First Amended Complaint. (Docket Entry 
No. 39, “FAC.”) The FAC asserts that the Court has jurisdiction based on diversity of 
citizenship, and alleges that “Penachio Malara LLP is a citizen of the State of New York,” but 
includes no allegations concerning the citizenship of the members (i.e., the partners and any 
limited partners) of Penachio Malara LLP, other than co-defendant Anne Penachio (who is also 
alleged to be a citizen of the State of New York). 
 On April 3, 2020, Defendants filed twin motions to dismiss. (Docket Entry Nos. 
48 and 51.)1 Defendants argue that the FAC should be dismissed for lack of subject matter 
jurisdiction because, by failing to plead the citizenship of the members of Penachio Malara LLP, 
WGH has “failed to show that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.” 
(Docket Entry No. 50 at 4-5.) Defendants further argue that the FAC should be dismissed for 
failure to state a claim for legal malpractice because, among other deficiencies, (1) the FAC’s 
claim that the Amended Plan violated the absolute priority rule is conclusory, and therefore 
WGH fails to allege that any appeal of the Amended Plan by WGH would have been successful, 
and (2) the FAC fails to allege that WGH incurred any ascertainable damages as a result of 
Defendants’ alleged failure to timely appeal. (Id. at 9-13; Docket Entry No. 53 at 7, 9-10.) 

1 Penachio Malara LLP and Anne Penachio filed the motion at Docket Entry No. 48; 
Bronson Law Offices, PC, and Bruce Bronson filed the motion at Docket Entry No. 51. 
 “‘It is a fundamental precept that federal courts are courts of limited jurisdiction’ 
and lack the power to disregard such limits as have been imposed by the Constitution or 
Congress.” Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 
62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 

(1978)). Indeed, the Court may not proceed to the merits of a dispute until it is satisfied that 
subject matter jurisdiction over that dispute exists. Platinum-Montaur Life Scis., LLC v. 
Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 619 (2d Cir. 2019) (“[A] a district court may 
not proceed to the merits without first determining whether it has subject-matter jurisdiction.”). 
As the Court stated in its Order dated February 27, 2020, the citizenship of an artificial business 
entity other than a corporation is determined by reference to the citizenship of its members, and 
the FAC omits any allegations concerning the citizenship of the members of Defendant Penachio 
Malara LLP. The Court therefore grants Defendants’ motions to dismiss the FAC to the extent 
those motions seek dismissal on the basis that the FAC fails to allege a basis for this Court’s 
exercise of subject matter jurisdiction. 

 If WGH seeks to file a further amended pleading to cure the FAC’s jurisdictional 
deficiency, it must file a motion for leave to do so no later than August 21, 2020. WGH’s 
motion should attach its proposed Second Amended Complaint, as well as a redline or other 
comparison tracking the changes between the FAC and the proposed pleading.2 Responses and 

2 WGH is further advised that it appears to the Court that WGH’s pleading, in its current 
iteration, fails to allege facts in support of its conclusory assertion that the Amended Plan 
in the Cumulus Bankruptcy violated the absolute priority rule, which only prohibits a 
plan from giving “‘property’ to the holders of any junior claims or interests ‘on account 
of’ those claims or interests, unless all classes of senior claims either receive the full 
value of their claims or give their consent.” In re DBSD N. Am., Inc., 634 F.3d at 88. 
The FAC alleges neither what value “all classes of senior claims” received under the 
Amended Plan, nor that any holder of a junior claim or interest received property “on 
account of” that claim or interest. Similarly, it appears that the FAC fails to allege 
replies shall be filed in accordance with Local Civil Rule 6.3, unless the parties agree to and the 
Court approves a different schedule. 
 If WGH fails to file a motion for leave to amend by August 21, 2020, the Court 
will dismiss this action without prejudice and without further opportunity to amend. See Katz v. 

Donna Karan Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) (dismissals for lack of jurisdiction 
must be entered without prejudice). See also Eyeghe v. Thierry, No. 14-CV-1914 (JMF), 2014 
WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (dismissing action brought against individual and 
limited liability company where “the Court previously advised Plaintiff of his failure to 
adequately plead [the limited liability company’s] citizenship, gave him an opportunity to 
amend, and explicitly warned that failure to remedy the defect would result in dismissal without 
further opportunity to amend.”). 
 Docket Entry Nos. 48 and 51 are resolved. 

SO ORDERED. 

Dated: New York, New York 
July 23, 2020 

 /s/ Laura Taylor Swain 
 LAURA TAYLOR SWAIN 
 United States District Judge 

plausible facts in support of WGH’s claim that it suffered ascertainable damages from 
Defendants’ alleged failure to timely appeal the Amended Plan (e.g., the operation of the 
Amended Plan; how much WGH received under the Amended Plan; any alternative 
distribution scheme that might have been adopted on remand had WGH prevailed in an 
appeal; and/or what WGH would have received under such an alternative distribution 
scheme). Failure to augment these claims with additional allegations of fact may result in 
denial of WGH’s motion for leave to amend as futile.