20-4107-cv
Otrompke v. First Dep't Comm. on Character & Fitness

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-one.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

JOHN OTROMPKE, JD,

> *Plaintiff-Appellant,*

> v.                                                          20-4107

THE FIRST DEPARTMENT COMMITTEE ON CHARACTER AND FITNESS, GEORGE ANTHONY ROYALL, in his official and personal capacity, JOHN DOE, THE PRESIDENT OR CHIEF EXECUTIVE OF THE NEW YORK BOARD OF LAW EXAMINERS, in their official capacity, LETITIA JAMES, NEW YORK ATTORNEY GENERAL, in their official capacity, THE NEW YORK BOARD OF LAW EXAMINERS, in their official capacity,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**           John Otrompke, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**           Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant John Otrompke, a law school graduate proceeding pro se, sued the First Department Committee on Character and Fitness (the "Committee"), the New York Board of Law Examiners (the "Board"), two Board officials, and New York State Attorney General Letitia James under 42 U.S.C. § 1983, alleging violations of his First, Fifth, and Fourteenth Amendment rights in connection with his application for admission to the New York Bar. The district court sua sponte dismissed the complaint for lack of subject matter jurisdiction, reasoning that Otrompke had failed to establish standing.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the sua sponte dismissal of a complaint for lack of subject matter jurisdiction de novo. *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001). Underlying factual findings are reviewed for clear error. *Filler v. Hanvit Bank*, 378 F.3d 213, 216 (2d Cir.

---

[1] We construe the dismissal as being without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (explaining that where a district court lacks subject matter jurisdiction, it lacks "the power to dismiss the case with prejudice" (cleaned up)).

2004).  The district court may consider evidence outside the pleadings in resolving questions of subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A district court lacks jurisdiction "when (as in the case at bar) the plaintiff lacks constitutional standing to bring the action."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (cleaned up).  To establish standing, a plaintiff must at a minimum allege that he has suffered an "injury in fact that is concrete, particularized, and actual or imminent."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

On appeal, Otrompke asserts three theories of injury: (1) Defendants have delayed and will continue to delay processing his application, thus denying him his due process right to a hearing; (2) Defendants' dilatory conduct is because of Otrompke's past associations with anarchists, and his application will be denied on these grounds, in violation of his First Amendment rights; and (3) the character and fitness rules are unconstitutionally vague, and have chilled Otrompke's and other applicants' exercise of their First Amendment rights.

Otrompke did not establish standing to bring any of his claims.  First, Otrompke could not yet bring a due process challenge because he had not submitted a completed bar application at the time of his complaint.  "[S]tanding is to be determined as of the commencement of suit," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992), and an injury is not imminent where "the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control," *id.* at 564 n.2.  Otrompke concedes on appeal that Defendants required certified copies of his prior bar applications to complete his application, that those copies were not difficult to obtain, and that he did not submit them until September 2020 (after filing of his amended complaint in May 2020).  Otrompke also

3

did not allege any facts suggesting that Defendants will improperly delay consideration of his application once it is complete; he merely speculates that they may do so. *See, e.g.*, First Amended Complaint ¶ 23 ("[I]f a hearing were conducted tomorrow, it could take eight months to get a final order . . . ."). He thus cannot establish that he had standing to bring a due process claim at the time he filed suit.

Second, Otrompke similarly has suffered no First Amendment injury because he had not completed his bar application at the time he brought suit. *See Lujan*, 504 U.S. at 564 n.2. Even if Otrompke had completed his application, his alleged First Amendment injury would be purely speculative because he has provided no facts supporting the claim that unconstitutional considerations will play a role in Defendants' handling of his application. To the extent that Otrompke intended to assert standing based on a chilling effect, the complaint was devoid of any allegations showing such an effect.

Finally, we decline to consider additional theories of injury that Otrompke has proffered for the first time on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (cleaned up)). We also decline to consider any challenge to the district court's order denying Otrompke's motion for reconsideration of the dismissal order because Otrompke does not argue in his appellate briefs that he satisfied the requirements for such a motion. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

4

We have considered all of Otrompke's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court