*Bank v. United States Dep't of HHS, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand eighteen.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TODD C. BANK,

*Plaintiff-Appellant*,

v. 17-686

UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES, ERIC D. HARGAN, in his
official capacity as Secretary of the United States
Department of Health and Human Services,*
STEVEN T. MNUCHIN, in his official capacity as

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric D. Hargan is automatically substituted for former Secretary of the United States Department of Health and Human Services Thomas E. Price.

Secretary of the United States Department of the
Treasury.

<em>Defendants-Appellees.</em>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:         Todd C. Bank, *pro se*, Kew Gardens, NY.

FOR DEFENDANTS-APPELLEES:       Chad A. Readler, Acting Assistant
Attorney General, Washington, DC,
Mark B. Stern, Alisa B. Klein, Attorneys,
Appellate Staff, Washington, DC, and
Richard P. Donoghue, Acting United
States Attorney for the Eastern District
of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**

and the case is **REMANDED** with instructions to the district court to enter a judgment

of dismissal without prejudice.

Plaintiff-appellant Todd C. Bank, an attorney proceeding *pro se*, appeals

from the district court's judgment dismissing his complaint challenging the

constitutionality of 26 U.S.C. § 5000A, a provision of the Patient Protection and

Affordable Care Act ("ACA") that requires individuals to pay a tax if they do not

maintain minimum essential health coverage.   Bank argued that § 5000A violated both his constitutional right to forgo purchasing health coverage and the Origination Clause, which requires that all bills for raising revenue originate in the House of Representatives.   The district court reasoned that there is no constitutional right to forgo purchasing health coverage and that § 5000A was not a "bill for raising revenue" subject to the requirements of the Origination Clause.   U.S. CONST. art. I, § 7, cl. 1.   We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."   *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citation omitted).   Furthermore, we are free to affirm on any ground supported in the record.   *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).   Although *pro se* litigants are generally entitled to special solicitude, Bank is not because he is an attorney.   *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

Here, Bank lacked constitutional standing to challenge § 5000A and, thus, the district court lacked subject matter jurisdiction.   *See Ins. Corp. of Ir., Ltd. v.*

3

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement."). To have Article III standing, a plaintiff must establish that he suffered an injury in fact that is causally connected to the challenged conduct, and is likely to be redressed by a favorable decision. *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 79 (2d Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury in fact must be "concrete and particularized," meaning that it affects the plaintiff in a personal and individual way and is not abstract, and is "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).

Bank has not demonstrated that he suffered an injury in fact. He currently maintains qualified coverage and does not have to pay § 5000A's "shared responsibility payment." Furthermore, he concedes that he is not at imminent risk of owing the shared responsibility payment, and he has not plausibly alleged that he plans to drop his current coverage and become uninsured or obtain non-qualified coverage.

While we conclude that Bank lacks standing, dismissal for subject matter jurisdiction must be without prejudice, and here the district court granted the defendants' motion to dismiss the complaint with prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). Accordingly, the case must be

4

remanded for the district court to enter an order dismissing without prejudice.

We have considered Bank's remaining arguments and find them to be without merit.   Accordingly, we **VACATE** the judgment and **REMAND** with instructions to the district court to enter a judgment of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5