*Leytman v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

PRESENT:
REENA RAGGI,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

─────────────────────────────────────────

Eduard Leytman,

*Plaintiff-Appellant*,

v.                                                                    19-3929

United States of America,

*Defendant-Appellee*.[*]

─────────────────────────────────────────

FOR PLAINTIFF-APPELLANT:               Eduard Leytman, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:               Varuni Nelson, Dara A. Olds, Assistant
                                                              United States Attorneys, *for*
                                                              Seth D. DuCharme, Acting
                                                              United States Attorney for
                                                              the Eastern District of New
                                                              York, Brooklyn, NY.

───────────────────

[*]The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Eduard Leytman, proceeding pro se, appeals the district court's dismissal of his amended complaint against the United States for harassment by employees of the Transportation Security Administration ("TSA"). Specifically, Leytman alleged that on March 27, 2016, before boarding a flight from Moscow's Sheremetyevo Airport to John F. Kennedy International Airport ("JFK"), he was unduly subjected to heightened screening by Russian security officials at TSA's request. He also alleged that, once aboard the plane, an unnamed air marshal sent a threatening text message to his mobile phone "disguised as if it were from Facebook," which described an "explosion at the place where [Leytman] live[d] or was supposed to be." Suppl. App'x at 16. Although he filed Freedom of Information Act ("FOIA") requests with TSA, those requests "came up with nothing." *Id.* Leytman further alleged that he was harassed in connection with three unidentified flights between March 27, 2016 and February 1, 2017, and a flight on April 16, 2018.

Leytman commenced this action in the Eastern District of New York, claiming that the government violated both the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, and FOIA, 5 U.S.C. § 552. After the district court sua sponte dismissed the initial complaint with leave to amend, Leytman filed an amended complaint that renewed his FTCA and FOIA claims.

The government moved to dismiss the amended complaint under Federal Rule of Civil

2

Procedure 12(b)(1), which Leytman opposed. After briefing was completed, the district court granted the government's motion. The court held that it lacked subject matter jurisdiction over Leytman's FTCA claims because most were unexhausted and those that were exhausted fell within the FTCA's foreign-country exception. Without addressing Leytman's FOIA-related allegations, the court dismissed with prejudice Leytman's complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a dismissal of an action for lack of subject matter jurisdiction under Rule 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted). Dismissal of a complaint under Rule 12(b)(1) is warranted "when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* But because of that lack of adjudicatory power, such dismissals must be without prejudice. *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017).

Upon review of the record, we conclude that the district court properly dismissed most of Leytman's FTCA claims as unexhausted and the remaining claims as falling within the FCTA's foreign-country exception. The United States possesses sovereign immunity and may not be sued without its consent. *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020). Although the FTCA provides a limited waiver of the government's sovereign immunity in federal court for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), a plaintiff bringing an action under the FTCA must first exhaust administrative remedies by filing a claim for monetary damages with

3

the appropriate federal entity within two years of the injury's accrual, 28 U.S.C. § 2401(b); *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Leytman received final TSA determinations only with respect to the Sheremetyevo Airport-screening and text-message claims and conceded that, at best, he presented his remaining claims to the TSA only after he commenced the present suit. The district court therefore correctly held that it lacked subject matter jurisdiction over these pending and unexhausted claims. *See* 28 U.S.C. § 2401(b); *McNeil v. United States,* 508 U.S. 106, 112 (1993).

The court also correctly dismissed Leytman's two exhausted claims. Regardless of exhaustion, the FTCA expressly excludes from its waiver of sovereign immunity "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). Leytman argues that the exception does not apply because the TSA's alleged order to subject him to heightened screening originated in the United States. But his argument is mistaken because the foreign country exception "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 712 (2004).

Therefore, even accepting Leytman's allegation that TSA ordered his enhanced screening from inside the United States, the order's execution at Sheremetyevo Airport brings his claim within the FTCA's foreign-country exception. The same holds true for the text message he allegedly received midflight. As with Leytman's unexhausted FTCA claims, the district court correctly held that it lacked subject matter jurisdiction over these two exhausted claims as well.

We nevertheless vacate the district court's dismissal and remand with instructions to

4

dismiss Leytman's FTCA claims without prejudice. As we have made clear, "when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *Katz*, 872 F.3d at 121 (brackets omitted) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)). Consequently, while the district court was correct in dismissing Leytman's FTCA claims under Rule 12(b)(1), it erred when it did so with prejudice.

On remand, the district court also should address Leytman's FOIA claim. Before the district court, Leytman twice complained that TSA violated FOIA by failing to fully disclose requested materials. Neither the district court's order dismissing Leytman's first complaint nor its order dismissing Leytman's amended complaint specifically mentioned these allegations. Thus, we do not know whether the district court intended to dismiss Leytman's FOIA claim or, if it did, the grounds for that decision.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** with instructions to dismiss the FTCA claims without prejudice and to rule on Leytman's remaining FOIA claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
